IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Fuyao North America, Inc., )<br>)<br>                  Plaintiff, )<br>)<br>v. )<br>)<br>Dakotaland Autoglass, Inc., )<br>)<br>                  Defendant. )<br>) | C.A. No.: 6:10-cv-01649-JMC<br><br>Order and Opinion |

This matter is before the Court on Defendant Dakotaland Autoglass, Inc.'s ("Dakotaland") Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue [Doc. 6]. Dakotaland moves to dismiss the Complaint of Plaintiff Fuyao North America, Inc. ("Fuyao") for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed. R. Civ. P., or, alternatively, to transfer venue pursuant to 28 U.S.C. §1404(a) to the District of South Dakota on the grounds that South Dakota is the more convenient forum for the parties to litigate this action. The parties fully briefed the issues, and after reviewing the briefs, the court finds that oral argument will not aid in the decisional process. For the reasons that follow, the court denies Defendant's motion.

**FACTUAL AND PROCEDURAL HISTORY**

Fuyao is a business incorporated under the laws of South Carolina with its headquarters and principal place of business located in Greenville, South Carolina. It is a subsidiary corporation of Fuyao Glass Industry Co. Ltd., an international manufacturer of automotive glass. Dakotaland is a South Dakota corporation with its principal place of business in Lake Norden, South Dakota. It sells windshields, automotive glass, and other automotive supplies. Dakotaland purchases automotive

glass products through Fuyao and has done so since 1996. Throughout this business relationship, Dakotaland has sent purchase orders and payments to Fuyao in South Carolina. Fuyao alleges in affidavits that, as part of their business arrangement, Fuyao extended Dakotaland a line of credit on all outstanding invoiced balances and orders as memorialized in a contract between the parties. Additionally, Fuyao alleges that Dakotaland executed a Promissory Note with "Fuyao North America Incorporated, a South Carolina corporation" as the Lender in connection with amounts owed on outstanding account balances. Finally, Fuyao alleges that Dakotaland has directly communicated with Fuyao personnel in Greenville on numerous occasions regarding their purchases.

Fuyao instituted this action on June 25, 2010, seeking payment for products delivered to Dakotaland. Dakotaland filed this motion pursuant to Fed. R. Civ. P. 12(b)(2), claiming that Dakotaland lacks the requisite minimum contacts with this State, has not availed itself of the protection of the laws of this State, and the exercise of personal jurisdiction by this court would offend the notions of due process. Dakotaland further asserts that, assuming personal jurisdiction is proper, a transfer of venue is in order due to the great inconvenience that Dakotaland and its witnesses will experience and the lack of substantial interest or benefit Fuyao has in having this action heard and resolved in South Carolina.

## DISCUSSION

### A.     Standard of Review

Rule 12(b)(2) of the Federal Rules of Civil Procedure is applicable to motions to dismiss for lack of personal jurisdiction. "When personal jurisdiction is challenged by the defendant, the plaintiff has the burden of showing that jurisdiction exists." *Tetrev v. Pride Int'l, Inc.*, 465 F. Supp. 2d 555, 558 (D.S.C. 2006). When a district court decides a pretrial personal jurisdiction dismissal motion

without an evidentiary hearing, the plaintiff must prove a prima facie case of personal jurisdiction. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). To determine whether a plaintiff has satisfied this burden, the court may consider both defendant's and plaintiff's "pleadings, affidavits, and other supporting documents presented to the court" and must construe them "in the light most favorable to plaintiff, drawing all inferences [,] resolving all factual disputes in his favor," and "assuming [plaintiff's] credibility." *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2440, 2000 WL 691100, at *1 (4th Cir. May 30, 2000); *Mylan Labs.*, 2 F.3d at 62; *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). This court, however, need not "credit conclusory allegations or draw farfetched inferences." *Massellli*, 2000 WL 691100, at *1 (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)). Plaintiff must also base his claim for personal jurisdiction "on specific facts set forth in the record." *Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992). Personal jurisdiction over an out-of-state defendant may be either general or specific.

    **B.**    **General Jurisdiction**

Section 36-2-802 of the South Carolina Code authorizes general jurisdiction over persons who do business or maintain a principal place of business in the forum state. See S.C. Code Ann. § 36-2-802 (2009). As such, general jurisdiction arises from a party's continuous and systematic activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). These activities must be "so substantial and of such a nature as to justify suit against [the defendants] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). General jurisdiction is proper where the

3

defendant has purposefully "availed himself of the privilege of conducting business [in the forum state]." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Fuyao has establish that Dakotaland has a systematic relationship with South Carolina. Dakotaland disputes that its connection with South Carolina is significant enough to warrant the exercise of jurisdiction noting, first, that Fuyao initiated the business relationship. Additionally, Dakotaland asserts that the products it purchases from Fuyao are actually manufactured and shipped by Fuyao's parent company in China and that Dakotaland only submits purchase orders and payments to Fuyao in South Carolina. Although Dakotaland attempts to characterize its connection with Fuyao as merely that of a passive buyer, the record reveals the parties business dealings to be more substantial. Even assuming Fuyao initially solicited business from Dakotaland and that the products are manfactured and shipped from China, Dakotaland has systematically and continuously engaged in business transactions with Fuyao for approximately fifteen years. During that extensive business relationship, Dakotaland has allegedly engaged in debt transactions with Fuyao by entering into promissory notes and accepting credit lines. Significantly, Dakotaland does not attempt to contradict Fuyao's claims regarding the more substantial transactions and, more interestingly, Dakotaland asserts its defect claims against Fuyao - not against the Chinese parent company. Of course, it is Dakotaland's prerogative as to whom it makes its defective product claims, but it seems unreasonable to ask this court to consider Fuyao as nothing more than an order processing center when Dakotaland obviously seeks to hold Fuyao to a more material role. Therefore, the court finds that South Carolina has general jurisdiction over Dakotaland.

**C.     Specific Jurisdiction**

A court may exercise specific jurisdiction when "the out of state defendant engage[s] in some activity purposely aimed toward the forum state and . . . the cause of action arise[s] directly from that activity." *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 331–32 (D.S.C. 1999); *see* S.C. Code Ann. § 36-2-803. Minimal, isolated or unsolicited contacts, however, do not give rise to the required purposeful connection between an out of state defendant and the forum state. *Umbro USA, Inc. v. Goner*, 825 F. Supp. 738, 741 (D.S.C. 1993).

A district court may exercise personal jurisdiction "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). The Supreme Court of South Carolina has interpreted South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803, to extend to the outer limits of Fourteenth Amendment due process. *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002). "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process." *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005).

The Due Process Clause is satisfied for personal jurisdiction purposes if a defendant has "purposefully availed itself of the privilege of conducting business in the forum state" by establishing sufficient "minimum contacts" "such that maintenance of the suit does not offend traditional notions of "fair play and substantial justice." *Burger King v. Rudzewicz*, 471 U.S. 462, 475–76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *Int'l Shoe Co.*, 326 U.S. at 316. A defendant has sufficient minimum contacts with a state when "the

defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Woodson*, 444 U.S. at 297. Courts also consider whether "the defendant has 'purposely directed' his activities at residents of the forum." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).

Factors courts have considered to resolve whether a defendant has "purposefully availed" itself of the privilege of conducting business in the forum state include, but are not limited to: (1) whether defendant maintains offices or agents in the forum state, *see McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 221 (1957); (2) whether defendant owns property in the forum state, *see Base Metal Trading, Ltd. v. OJSC*, 283 F.3d 208, 213 (4th Cir. 2002); (3) whether defendant reached into the forum state to solicit or initiate business, *see McGee*, 355 U.S. at 221; *Burger King*, 471 U.S. at 475–76; (4) whether defendant deliberately engaged in significant or long-term business activities in the forum state, *see id*. at 475–76, 481; (5) whether the parties contractually agreed that the law of the forum state would govern disputes, *see id.* at 481–82; (6) whether defendant made in-person contact with the resident in the forum state regarding the business relationship, *see Hirschkop & Grad, P.C. v. Robinson*, 757 F.2d 1499, 1503 (4th Cir. 1985); (7) the nature, quality, and extent of the parties' communications about the business being transacted, *see English & Smith v. Metzger*, 901 F.2d 36, 39 (4th Cir. 1990); and (8) whether the performance of contractual duties was to occur within the forum, *see Peanut Corp. of Am. v. Hollywood Brands, Inc.*, 696 F.2d 311, 314 (4th Cir. 1982). *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009). "Because a sovereign's jurisdiction remains territorial, to justify the exercise of personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must have been so substantial

that 'they amount to a surrogate for presence and thus render the exercise of sovereignty just.'" *Id.* at 277–78 (quoting *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997)).

As discussed above, Dakotaland has deliberately engaged in significant and long-term business activities with Fuyao. Therefore, Dakotaland has purposely availed itself of the privilege of conducting business in SouthCarolina.

While the court finds that minimum contacts exist, the court must still weigh the following factors under the fairness prong: (1) the burden on the nonresident defendant; (2) the adjudicative interest of South Carolina; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the systematic interest of the national judicial system in obtaining the most efficient resolution of the controversy; and, (5) the systemic interest of the states in furthering substantive social policies. *Woodson*, 444 U.S. at 292.

After considering the above factors, the court finds that it is fair and reasonable to exercise personal jurisdiction over Dakotaland.

The court recognizes that Dakotaland will incur some burden in litigating this case in South Carolina. However, the court is also sensitive to Fuyao's interest in obtaining convenient and effective relief. Moreover, exercising jurisdiction over Dakotaland in South Carolina will further the fundamental substantive social policies of the several states. In this case, the nonresident defendant allegedly procured products from a South Carolina company and failed to pay for them. Now, the South Carolina company is left with uncollected debt and should not be required to bring its claim in a different forum for the convenience of the alleged debtor. South Carolina has a strong interest in making sure its economic and business interests are adequately protected.

Therefore, the court finds that it has jurisidction over Dakataland and denies Defendant's motion to dismiss for lack of personal jurisdiction

### D.     Transfer of Venue

Alternatively, Dakotaland moves to transfer this case pursuant to 28 U.S.C. § 1404(a). A court may transfer a case "for the convenience of the parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "A district court may transfer a civil action to any other district or division where it might have been brought." *Red Light, LLC v. American Traffic Solutions, Inc.*, No. 3:05-3103-MBS, 2006 WL 463569, *4 (D.S.C. Feb. 23, 2006). When deciding a motion to transfer, the court must specifically analyze whether transfer is warranted (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interest of justice. *Fairchild Semiconductor Corp. v. Nintendo Co., Ltd.*, 810 F. Supp. 173, 174 (D.S.C. 1992). Although limited by these three factors, the court has broad discretion in deciding whether to transfer a case. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 277 (4th Cir. 2005). Motions to transfer under § 1404(a) are guided by individualized, case-by-case considerations of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "The burden is on the moving party to show that transfer to another forum is proper." *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005). Defendants must show "by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *JEC Consulting & Trading, Inc. v. Diversified Foods, Inc.*, No. C.A. 3:05-2295-CMC, 2005 WL 2614903, at *4 (D.S.C. Oct. 13, 2005). Additionally, "[a] plaintiff's choice of forum is given

weight when the plaintiff's choice of forum has a substantial connection with the controversy." *Milliken & Co. v. Fed. Trade Comm'n*, 565 F. Supp. 511, 517 (D.S.C. 1983).

The first inquiry into whether transfer is appropriate is whether the action sought to be transferred is one that might have been brought in the transferee court. As to the second inquiry, the Supreme Court has held that the factors relevant to forum non conveniens determinations are also relevant to determinations of a motion to transfer venue under 28 U.S.C. § 1404(a). *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947). Specifically, those factors include: 1) the plaintiff's choice of forum; 2) the convenience of the parties and witnesses; 3) the relative ease of access to sources of proof; 4) the availability of compulsory process for attendance of unwilling witnesses; 5) the cost of obtaining attendance of willing witnesses; 6) the possibility of viewing premises by the jury, if applicable; 7) all other practical problems that make trial of a case easy, expeditious, and inexpensive; 8) factors of public interest, including the relative congestion of court dockets and a preference for holding a trial in the community most affected; and 9) the interests of justice. *Terry v. Walker*, 369 F. Supp. 2d 818, 822 (W.D. Va. 2005) (citing *Gilbert*, 330 U.S. at 508–09); *Finkel v. Subaru of America, Inc.*, No. 3:06CV292, 2006 WL 2786811, at *3 (E.D. Va. Sept. 26, 2006).

The decision to transfer a case or dismiss it is committed to the sound discretion of the district court. *United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981). The district court may be reversed only if it has abused its discretion. *United States v. Foster*, No. 10-4046, 2010 WL 5421391, at *2 (4th Cir. Dec. 28, 2010).

It is undisputed that Fuyao could have brought its claim in South Dakota. So the inquiry for the court is whether transfer will more conveniently serve the interests of the parties. Dakotaland

argues that transfer is warranted because it may have more witnesses than Fuyao and it would be inconvenient to transport evidence. Fuyao, on the other hand, argues that venue is properly in South Carolina and should remain because Dakotaland has imposed the inconvenience upon itself by sitting on its rights to assert any action or seek redress for any alleged defects. The court notes that both parties will bear some inconveinece and cost in litigating in the other parties' preferred forum - Dakotaland only takes into consideration Fuyao's potential witnesses for its debt collection claim, but Fuyau will undoubtedly have more witnesses if Dakotaland's defective product claim progresses. As discussed above, *see supra* Part C, Fuyao has properly brought its payment claim in South Carolina which has an interest in overseeing litigation concerning the economic welfare of its residents. That is not to say that Dakotaland's defective product claim is not a consideration for this court. However, the court may accord due weight to the plaintiff's right to choose the forum. Fuyao has chosen a proper forum in this case, and the court does not see justification to disrupt that decision.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant Dakotaland Autoglass, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue [Doc. 6].

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>
United States District Judge

March 18, 2011
Greenville, South Carolina